ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v*. MARKHAM.

Opinion delivered March 25, 1899.

RAILROADS—FAILURE TO POST STOCK—PENALTY.—Under Sand. & H. Dig. § 6350, providing that railroads shall incur a penalty for failure to post a notice of the killing or wounding of stock by trains within one week after the killing or wounding, proof that no notice was posted at 6:30 p. m. of the seventh day after the killing of a mule is not sufficient to establish the railroad's liability for the penalty, as the time for posting the notice did not expire until midnight of the seventh day.   (Page 298.)

Appeal from Clay Circuit Court, Eastern District.

FELIX G. TAYLOR, Judge.

*Samuel H. West* and *J. C. Hawthorne*, for appellant.

The evidence does not show that the required notice was not posted within the time allowed by statute, and hence the verdict for double damages was unwarranted.

*W. E. Atkinson*, for appellee.

If appellant did post the notice in time, he could easily have so proved, and his failure to do so is evidence that he did not do it.

BATTLE, J.   I. S. Markham owned a mule, which was killed on the 19th of July, 1897, by a train of the St. Louis Southwestern Railway Campany.  He sued the railway company, and stated in his complaint that the agents, servants and employees of the defendant had failed to post a notice of the kill-

ing within one week thereafter, and to keep the same posted for twenty days, and asked for double damages. The defendant denied these allegations. The plaintiff recovered a judgment for double damages.

The only question in the case is, was he entitled to such damages? The statute provides: "Whenever any stock, such as horses, cows, hogs, sheep, etc., are killed, wounded or injured by railroad trains running in this state, the conductor or engineer on the train doing the damage shall cause the station master or overseer at the nearest station house to the killing or wounding to post, within one week thereafter, and to so keep posted for twenty days thereafter, a true and correct description of such stock as may have been so killed or wounded, at the nearest station house and the nearest depot house, giving a true and correct description of the color, marks, brands and other natural description that may assist in identifying such stock, and the time when, and place where, killed or wounded, and, on failure to so advertise any stock so killed or wounded, the owner shall recover double damages for all stock so killed and not advertised." Sand. & H. Dig. § 6350.

In order for plaintiff to show that he is entitled to the penalty allowed by this statute, he should have proved that the railway company failed to give notice in the manner prescribed. According to the evidence, the last time within the week after the killing of the mule any one made an examination to ascertain whether notice of the killing had been posted was half past six o'clock in the afternoon of the 26th of July, 1897. No notice was found at that time. The time for posting did not expire until the midnight of that day. Five hours and a half after this examination, in which the notice could have been lawfully given, still remained. The burden was upon the plaintiff to prove that it was not given. No one testified that it was not posted within the five hours and a half which still remained. Three or four days after the expiration of the time allowed for that purpose a notice of the killing, posted in the place required by law, was discovered; but when it was posted, or that it was not posted before the midnight of the 26th of July, the evidence fails to show. Plaintiff, having failed to

make the necessary proof, is, therefore, not entitled to double damages.

So much of the judgment of the trial court as was rendered for such damages is set aside. In other respects it is affirmed. The cause is remanded for a new trial as to the penalty.·